**JOYA LAW FIRM**
**KAMRAN JOYA, ESQ., NY BAR ID: 6169411**
**175 Greenwich Street, 38th Floor**
**New York, New York 10007**
**415-302-9437**
**kamran@joya.law**
**Attorneys for Plaintiff, Tiana Brown**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TIANA BROWN,**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**YOUNG ADULT INSTITUTE (YAI),**<br><br>**DEFENDANT.** | **CASE NO. 26-cv-1539 (JPC)** |

### PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Plaintiff Tiana Brown, by and through her counsel, respectfully moves this Court pursuant to 28 U.S.C. §1447(c) for an Order remanding this action to the Supreme Court of the State of New York, County of New York, from which it was removed.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

### I.   INTRODUCTION

This action was originally filed in the Supreme Court of the State of New York and arises primarily under New York statutory and constitutional law.   The Complaint asserts numerous causes of action under the New York State Human Rights Law, New York Civil Rights Law §40-c, and the New York Constitution, all of which fall squarely within the jurisdiction and expertise of the New York courts.

Although the Complaint references the Family and Medical Leave Act ("FMLA"), the gravamen of this action concerns discrimination and retaliation under New York statutory and constitutional law, which substantially predominate over the federal allegations.

 Defendant also incorrectly claims that it was not properly served with the Summons and Complaint.  In fact, Plaintiff served Defendant through its counsel after counsel expressly

instructed Plaintiff to direct all correspondence to him, and Defendant's counsel received the pleadings at his office.

For these reasons, the case should be remanded to the Supreme Court of the State of New York.

## II.  LEGAL STANDARD

A case removed from state court must be remanded if the federal court lacks subject-matter jurisdiction.  28 U.S.C. §1447(c).

Removal statutes are strictly construed, and any doubts regarding removability must be resolved against removal.  *Marcus v. AT&T Corp.,* 138 F.3d 46, 52 (2d Cir. 1998). Moreover, federal courts may decline to exercise supplemental jurisdiction where state law claims substantially predominate over federal claims. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 308 (2d Cir. 2004); *Valencia ex rel. Franco v. Lee,* 316 F.3d 299 (2d Cir. 2003).

Even where federal jurisdiction technically exists, federal courts may decline to exercise jurisdiction where state law claims substantially predominate over federal claims.  28 U.S.C. §1367(c)(2).

The removing party bears the burden of demonstrating that federal jurisdiction exists. *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 273 (2d Cir. 1994).

## III.  THE COMPLAINT IS PREDOMINANTLY BASED ON NEW YORK LAW

The Complaint asserts ten causes of action, the overwhelming majority of which arise under New York law.

These include claims for:

- Disability discrimination under the New York State Human Rights Law
- Failure to provide reasonable accommodation under the New York State Human Rights Law
- Retaliation under the New York State Human Rights Law
- Pregnancy discrimination under the New York State Human Rights Law
- Hostile work environment under the New York State Human Rights Law
- Race discrimination under the New York State Human Rights Law
- Violations of New York Civil Rights Law §40-c
- Violations of the New York Constitution

Only two claims reference federal law related to the FMLA.

The core allegations concern discrimination, retaliation, and hostile work environment under New York law, which substantially predominate over the federal allegations.

The overwhelming majority of Plaintiff's claims arise under New York law, including the New York State Human Rights Law and New York Civil Rights Law.  Where state law claims substantially predominate, federal courts may decline jurisdiction.  *Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 305 (2d Cir. 2003).

## IV. STATE COURTS HAVE CONCURRENT JURISDICTION OVER FMLA CLAIMS

Even if federal jurisdiction exists, remand remains appropriate because state courts possess concurrent jurisdiction over claims arising under the Family and Medical Leave Act.
Accordingly, there is no need for federal jurisdiction to resolve the limited FMLA issues presented in this case.

## V.  DEFENDANT WAS PROPERLY SERVED WITH THE SUMMONS AND COMPLAINT

Defendant asserts in its removal papers that it has not been properly served with the Summons and Complaint.  That assertion is incorrect.

On January 21, 2026, Defendant's counsel, Daniel Axelrod of Jackson Lewis P.C., sent written correspondence to Plaintiff's counsel stating that Defendant had retained his firm to represent it with respect to Plaintiff's claims and instructing Plaintiff's counsel to "direct all future correspondence only to us."

Plaintiff reasonably relied on this instruction from Defendant's counsel.

Consistent with that instruction, Plaintiff served the Summons and Complaint upon Young Adult Institute (YAI) c/o Daniel Axelrod, Representing Attorney, at the offices of Jackson Lewis P.C., located at 58 South Service Road, Suite 250, Melville, New York 11747.

The process server personally delivered the Summons and Complaint to a representative at the Jackson Lewis office on February 20, 2026.

The Affidavit of Service confirms that the documents were delivered to Michael Lavine, Office Service Coordinator, who identified himself as authorized to accept service at that location.

Having instructed Plaintiff's counsel to direct all communications to defense counsel and having received the pleadings through service at counsel's office, Defendant cannot now claim lack of service as a basis to delay responding to the Complaint.

At a minimum, Defendant had actual notice of the action, and any technical objection to service cannot justify removal or continued federal jurisdiction.

## VI. COMITY AND JUDICIAL ECONOMY FAVOR REMAND

This case involves issues of employment discrimination governed primarily by New York statutory and constitutional law.

New York courts have particular expertise in interpreting and applying these laws. Allowing this matter to proceed in state court promotes judicial economy and respects New York's strong interest in enforcing its own anti-discrimination laws.

**VII.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.  Remand this action to the Supreme Court of the State of New York, County of New York, and

2.  Grant such other and further relief as the Court deems just and proper.

DATED:        March 4, 2026
New York, New York

                                        **JOYA LAW FIRM**
                                        *Attorneys for Plaintiff*

                        **By:**    _____
                                        **KAMRAN JOYA, ESQ.**

Plaintiff's motion to remand to state court, Dkt. 9, is denied.  Plaintiff's Complaint indisputably brings claims arising under federal law, namely the Family Medical Leave Act, 29 U.S.C. § 2615, *see* Dkt. 1, Exh. A ¶¶ 75-93.  "A single claim over which federal-question jurisdiction exists is sufficient to allow removal."  *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005).  Contrary to Plaintiff's suggestion, "[t]here is no requirement that the federal law claims predominate over the state law claims in order for removal to be proper."  *Spiegel v. Estée Lauder Inc.*, No. 23 Civ. 11209 (DLC), 2024 WL 1657354, at *1 (S.D.N.Y. Apr. 17, 2024).  So Plaintiff's motion to remand notwithstanding the presence of federal claims fails. The Clerk of Court is respectfully directed to close Docket Number 9.

SO ORDERED.
Date: April 1, 2025
New York, New York    JOHN P. CRONAN
                                    United States District Judge

cc:    Via E-mail and ECF
        Daniel R. Axelrod, Esq., Jackson Lewis, P.C.
        58 South Service Road, Suite 250, Melville, New York 11747
        Daniel.axelrod@jacksonlewis.com
        *Attorneys for Defendant*